# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) Case ID No.: 1511011810
)
)
SHAMAR T. STANFORD, )
)
Defendant. )

## ORDER

**AND NOW TO WIT**, this 7th day of June, 2017, upon consideration of Defendant Shamar T. Stanford ("Defendant")'s Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On December 12, 2016, Defendant pleaded guilty and was sentenced for charges of Possession of a Firearm by a Person Prohibited ("PFBPP") and misdemeanor Endangering the Welfare of a Child. As to PFBPP, he was sentenced to fifteen years at supervision Level V, suspended after five years for two years at Level III. His period of incarceration is a minimum mandatory sentence pursuant to 11 *Del. C.* § 1448(e)(1)(b).[1] As to Endangering the Welfare of a Child, he received one year at Level V, suspended for one year at Level III.

---

[1] 11 *Del. C.* § 1448(e)(1)(b) (2015 & Supp. 2016).

2.    Defendant now moves for postconviction relief under Delaware Superior Court Criminal Rule 61.[2] He filed this Motion—his first postconviction relief motion—on January 18, 2017.[3] He filed an amendment to his Motion on April 6, 2017.[4] The Motion seeks to set aside his guilty plea on four grounds: (1) "search and seizure"—arguing that police lacked probable cause to search the residence in which he was arrested; (2) "unreasonable search"—contending that "officers lacked substantial and articulable facts that the person whom they were dealing with was possibly armed and dangerous;" (3) "ineffective assistance of counsel"—arguing that his attorney "didn't raise client concerns" and "withheld photographs" of the residence in which he was arrested; and (4) "unfulfilled plea agreement"—maintaining that his plea for PFBPP was a Class D Felony, not a Class C Violent Felony.[5] Defendant also requests appointment of counsel to assist

---

[2] DEL. SUPER. CT. CRIM. R. 61 (effective June 1, 2015). This is Defendant's fourth post-guilty plea motion for relief. All four were filed in the span of roughly one month after his sentence. *See* Defendant's Motion to Amend and Appeal, *State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #56 (Del. Super. Mar. 27, 2017) (denying Defendant's third request for new suppression hearing); Defendant's Motion to Appeal Guilty Plea, *State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #52 (Del. Super. Mar. 27, 2017) (denying Defendant's motion to set aside guilty plea under Rule 32(d)); Defendant's Motion for Modification of Sentence, *State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #46 (Del. Super. Mar. 27, 2017) (denying timely Rule 35(b) motion to correct sentence).

[3] *See State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #47 (Del. Super. Jan. 18, 2017) [hereinafter Motion].

[4] *See State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #62 (Del. Super. Apr. 6, 2017) (attaching his "Motion to Appeal Guilty" to his Motion for Postconviction Relief).

[5] Motion at 3-4.

in his postconviction relief proceedings.[6] This is the Court's Order with respect to his Motion for Postconviction Relief and his Motion for Appointment of Counsel.

3.    Rule 61 is the exclusive remedy for persons "in custody under a sentence of this court seeking to set aside the judgment of conviction. . . ."[7] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[8] The procedural "bars" of Rule 61 are: timeliness,[9] repetitiveness,[10] procedural default,[11] and former adjudication.[12] If any of these bars apply, the movant must show entitlement to relief under Rule

---

[6] *See State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #55 (Del. Super. Feb. 21, 2017) (contained within letter to Court enclosing Defendant's "Motion to Amend and Appeal" and "Motion to Appeal Guilty Plea").

[7] Rule 61(a). *See, e.g., Warnick v. State*, 2017 WL 1056130, at *1 & n.5 (Del. 2017) (TABLE) (citing *Miller v. State*, 2017 WL 747758 (Del. 2017) (TABLE)) (denying Rule 35(a) motion attacking sufficiency of evidence in indictment to which defendant pleaded guilty; defendant's "challenge [of] his indictment is outside the scope of Rule 35(a)" and was limited to Rule 61).

[8] *Bradley v. State*, 135 A.2d 748, 756-57 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)). *See* Rule 61(i) (setting forth Rule 61's procedural bars).

[9] Rule 61(i)(1). *See, e.g., Evick v. State*, 2017 WL 1020456, at *1 (Del. 2017) (TABLE) (affirming denial of Rule 61 motion as untimely when filed more than two years after conviction became final).

[10] Rule 61(i)(2). *See, e.g., Walker v. State*, 2017 WL 443724, at *1-2 (Del. 2017) (TABLE) (denying defendant's third postconviction relief motion as repetitive; "Rule 61 provides a limited window for judicial review, especially upon a repetitive motion.").

[11] Rule 61(i)(3). *See, e.g., Robinson v. State*, 149 A.3d 518, 2016 WL 5957289, at *2 (Del. 2016) (TABLE) (citation omitted) (interpreting prior version of Rule 61; "Rule 61(i)(3) provided that claims that could have been raised on direct appeal could not be asserted in postconviction relief proceedings.").

[12] Rule 61(i)(4). *See, e.g., Sykes v. State*, 147 A.3d 201, 216 (Del. 2015) (discussing prior version of Rule 61(i)(4); defendant's Fifth and Sixth Amendment claim, arguing his right of allocution was violated, was formerly adjudicated on direct appeal).

61(i)(5).[13] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[14]

## *Procedural Bars*

4.     This Court finds that Defendant's first and second claims—arguing evidentiary issues regarding the search of the residence in which he was arrested—are procedurally barred under both Rule 61(i)(3) ("procedural default") and Rule 61(i)(4) ("former adjudication").

5.     His first claim is that police lacked probable cause to search the residence in which he was arrested. This issue was thoroughly briefed and considered when the Court denied his motion to suppress on December 2, 2016. Defendant's principal contention at the suppression hearing was that a protective sweep of the Defendant's overnight residence was unconstitutional because he was arrested in the doorway of the residence.[15] Because the Court considered Defendant's arguments on this issue, and Defendant did not appeal the Court's denial of his motion to suppress, Defendant's present Motion for Postconviction

---

[13] Rule 61(i)(5). *See, e.g.*, *Evick*, 2017 WL 1020456, at *1 (discussing 2017 version of Rule 61(i)(5); holding untimely Rule 61 motion procedurally barred and defendant did not show entitlement to relief under Rule 61(i)(5)).

[14] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (citations omitted) ("Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

[15] *See generally State v. Hedley*, 593 A.2d 576 (Del. Super. 1990) (holding protective sweep exception to warrant requirement was not applicable where suppression hearing revealed officers did not fear for their own safety when effecting arrest of defendant).

4

Relief as to his first claim is procedurally barred under Rule 61(i)(3) and (4).

6. His second claim states in full: "Officers lacked substantial and articulable facts that the person they were dealing with was possibly armed and dangerous. Nor were officers supplied with any information that the name/residence was holding additional occupants."[16] This is a restatement of his first claim above; Defendant argues that the protective sweep was unconstitutional. Therefore, for the same reasons above, claim two is procedurally barred under Rule 61(i)(3) and (4).

7. His third claim asserts ineffective assistance of counsel. Generally, a claim of ineffective assistance of counsel may not be raised on direct appeal.[17] Defendant did not file a direct appeal and is not procedurally barred from raising such a claim in his collateral proceedings. Therefore, the Court will address the merits of this claim below.

8. Finally, his fourth claim asserts that his plea agreement is unfulfilled. He claims that he should have been sentenced for PFBPP as a Class D Felony. This contention is procedurally barred under Rule 61(i)(4) as formerly adjudicated

---

[16] Motion at 3.

[17] *See Hoskins v. State*, 102 A.3d 724, 729-30 (Del. 2014) (holding neither law of case doctrine nor Rule 61(i)(4) barred defendant's ineffective assistance of counsel claim in postconviction motion; finding of no "plain error" by trial counsel on direct appeal is "a separate issue" from an ineffective assistance of counsel claim). *But see Cooke v. State*, 977 A.2d 803, 848 (Del. 2009) (addressing such claim on direct appeal where record was clear and trial counsel's actions were not disputed).

in his prior Rule 35(b) motion.[18]

9. Three of Defendant's four claims are procedurally barred under Rule 61(i). Therefore, he must satisfy Rule 61(i)(5) to obtain relief from these applicable bars. Rule 61(i)(5) states: "The [procedural bars] shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[19] Rule 61(d)(2) requires Defendant to either: "(i) plead[] with particularity that new evidence exists that creates a *strong inference* that the movant is *actually innocent* in fact of the acts underlying the charges of which he was convicted; or (ii) plead[] with particularity" the applicability of a new retroactive rule of constitutional law.[20] Rule 61(d)(2)(ii) is inapplicable to this Motion. Further, Defendant has not shown any new evidence creating a strong inference of actual innocence in fact of the charges for which he pleaded guilty under Rule 61(d)(2)(i). Therefore, Defendant's first, second, and fourth claims are procedurally barred and this Court will not consider the merits of these three claims.

### *Summary Dismissal*

10. Rule 61(d)(5) states that, if "it plainly appears from the motion for

---

[18] *See State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #46, at ¶ 1 n.1, ¶ 4 n.12 (Del. Super. Mar. 27, 2017) (discussing 11 *Del. C.* § 4201(c) and 11 *Del. C.* § 1448(e)(1)(b)).

[19] Rule 61(i)(5).

[20] Rule 61(d)(2) (emphasis added).

6

postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[21]

11.    The seminal case on claims of ineffective assistance of counsel is *Strickland v. Washington*.[22] This case and its progeny established a two-part test: a defendant must show that, (1) "counsel's performance was objectively unreasonable," and (2) "the defendant was prejudiced as a result."[23] The nuances of this test have been exhaustively distilled since *Strickland* was decided:

> Under the first prong [of *Strickland*], judicial scrutiny is 'highly differential.' Courts must ignore the 'distorting effects of hindsight' and proceed with a 'strong presumption' that counsel's conduct was reasonable. The *Strickland* court explained that 'a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'
>
> Under the second prong, '[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.' In other words, 'not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.' 'Some errors will have a pervasive effect . . . , and some will have had an isolated, trivial effect.' The movant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

---

[21] Rule 61(d)(5).

[22] 466 U.S. 668 (1984).

[23] *Sykes v. State*, 147 A.3d 201, 211 (Del. 2015) (citing *Strickland*, 466 U.S. at 694).

7

the proceeding would have been different.' 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' The court must consider the 'totality of the circumstances,' and 'must ask if the [movant] has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.'[24]

In the context of guilty pleas, the "prejudice prong" is stated differently.[25] Where a defendant has accepted a plea agreement that he later challenges under *Strickland*, the defendant must establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[26]

12. In the present case, Defendant argues that counsel "didn't raise client concerns" and "withheld photographs of the apartment" in which he was arrested that counsel later produced to Defendant after his guilty plea and sentence. Under the first prong of *Strickland*, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ."[27] It is

---

[24] *Id.* at 211-12 (internal footnotes omitted) (quoting *Strickland*, 466 U.S. at 689-90, 693-96; *Albury v. State*, 551 A.2d 53, 58 (Del. 1988)).

[25] *See Lafler v. Cooper*, 566 U.S. 156 (2012); *Missouri v. Frye*, 566 U.S. 133 (2012); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Albury*, 551 A.2d 53.

[26] *Albury*, 551 A.2d at 60 (quoting *Hill*, 474 U.S. at 58). *See also Frye*, 566 U.S. at 148 (quoting *Hill*, 474 U.S. at 59).

[27] *Strickland*, 466 U.S. at 689.

Defendant's burden to overcome this presumption.[28]   However, Defendant's grounds for ineffective assistance are patently meritless.  He fails to state what "concerns" were neglected, and how earlier production of photographs of the apartment in which he temporarily resided undermined his right to assistance of counsel.

13.   The Court expanded the record, under Rule 61(g), and ordered his former counsel to submit an affidavit responding to Defendant's third claim of ineffective assistance of counsel.[29]   Matthew C. Buckworth, Esquire ("Counsel"), submitted this affidavit on May 15, 2017.[30]   In response to Defendant's claims, Counsel describes his efforts to argue the suppression of evidence and obtain a favorable plea agreement for his client.[31]   He explains that Defendant rejected an earlier plea offer, instead choosing to file and argue his motion to suppress evidence.[32]   Once the Court denied his motion, Counsel was able to persuade the State to re-offer the same plea offer that Defendant belatedly accepted on the day

---

[28] *See id.  See also Hoskins v. State*, 102 A.2d 724, 730 (Del. 2014) (citing *Gattis v. State*, 697 A.2d 1174, 1178 (Del. 1997)).

[29] *See* Rule 61(g).

[30] *See State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #64 (Del. Super. May 15, 2017).

[31] *See id.* at 2-3.

[32] *See id.*

9

of trial.[33] Counsel states in his affidavit that he is unclear what "concerns" Defendant relayed to him that were allegedly neglected.[34] Nevertheless, Counsel affirms that he sought to obtain a favorable plea agreement because Defendant faced the possibility of over 49 years at Level V supervision.[35] Moreover, Defendant ultimately accepted this plea offer; an offer that was resurrected by Counsel to avoid the significant period of incarceration Defendant faced were he convicted of all the charged offenses at trial.

14. Additionally, as to Counsel's alleged failure to disclose photographs of the apartment in which Defendant was arrested, Counsel states that the photographs were provided to him by Defendant's girlfriend.[36] He explains that he intended to use the photographs at trial, but the plea offer obviated their importance.[37] He subsequently provided the photographs to Defendant upon his request after sentencing.[38]

15. In accordance with Rule 61(g)(3), Defendant was afforded an opportunity to respond to Counsel's affidavit. Defendant did so by way of

---

[33] *See id.*

[34] *See id.* at 3.

[35] *See id.* at 1, 3.

[36] *See id.* at 3.

[37] *See id.* at 3-4.

[38] *See id.* at 4.

affidavit on May 30, 2017.[39] In this affidavit, Defendant repeats a parade of horribles that putatively imbued the entire course of his case. With respect to his claims against Counsel, Defendant states that the photographs should have been used at the suppression hearing.[40] Instead, Defendant claims that Counsel did not present the photographs to challenge the arresting officer and failed to conduct himself in accordance with an objective standard of reasonableness.[41]

16. Even if Defendant could show that counsel's representation fell below this objective standard of reasonableness, he categorically cannot show any prejudice under *Strickland*. "The 'failure to state with particularity the nature of the prejudice experienced is fatal to a claim of ineffective assistance of counsel.'"[42] Defendant does not state what prejudice he suffered as a result of pleading guilty to PFBPP and Endangering the Welfare of a Child. Perhaps this is because he was originally charged with PFBPP, Possession of Ammunition by a Person Prohibited, Aggravated Possession, Endangering the Welfare of a Child, Possession of Marijuana, and Possession of Drug Paraphernalia. His plea colloquy reflects that he understood the charges for which he pleaded guilty and comprehended that he

---

[39] *See State v. Stanford*, Crim. I.D. No. 1511011810, D.I. #66 (Del. Super. May 30, 2017).

[40] *See id.* at 2.

[41] *See id.*

[42] *Hoskins v. State*, 102 A.2d 724, 730 (Del. 2014) (quoting *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

11

was waiving certain constitutional rights, including the ability to test the sufficiency of the State's evidence against him. Because Defendant has failed to state what prejudice he has suffered—and because a review of the record reveals that he did not suffer any identifiable prejudice—Defendant plainly cannot state a viable claim of ineffective assistance of counsel. Therefore, this claim is summarily dismissed under Rule 61(d)(5).[43]

### Motion for Appointment of Counsel

17. Rule 61(e) sets forth the grounds for the appointment of counsel to a

---

[43] A review of the suppression hearing, plea colloquy/sentencing, and the docket places into context Defendant's claims of ineffective assistance of counsel. Initially, Defendant was appointed counsel following his indictment in January 2016. On May 31, 2016, Defendant rejected a plea agreement at his final case review and the matter was set for trial on July 6, 2016. However, on June 6, 2016, Defendant filed a *pro se* "Motion to Dismiss Current Counsel and/or Appoint New Counsel." Simultaneously, Defendant filed a *pro se* Motion to Suppress. This Court then granted the State's continuance request on two occasions for more time to obtain DNA laboratory results from the FBI. Meanwhile, Defendant's then-counsel filed a Motion to Withdraw as Counsel stating that he and Defendant disagreed on whether there existed a good faith basis to file a suppression motion in this matter. The Motion to Withdraw as Counsel was granted on September 28, 2016. Defendant's request for new appointed counsel was denied.

On October 21, 2016, while trial was fast approaching, Defendant's new counsel entered his appearance. He filed a Motion to Suppress on behalf of Defendant on November 14, 2016 and a suppression hearing was held on December 2, 2016. The Court heard testimony from the arresting officers and argument from both the State and Defense counsel. The Motion was denied on the record.

On December 12, 2016, Defendant accepted a new plea agreement and was sentenced. Before the plea colloquy, Defendant personally requested a continuance. In support of this impromptu request, he stated that: "He was displeased about [the suppression hearing] [and he] fe[lt] as though [his] counsel was ineffective" because his counsel allegedly failed to cite "any case law that he prepared in [his] *pro se* motion [to suppress]." He allegedly raised these concerns with his counsel and counsel stated that his contentions had "no merit." He then argued that his "*pro se* motion did have merit because the Superior Court granted [him] a suppression hearing."

The Court allowed Defendant time to consider his limited options, at which point, Defendant chose to plead guilty. His Motion for Postconviction Relief and several other motions/letters ensued.

12

defendant who seeks postconviction relief after a guilty plea.[44]  Rule 61(e)(2) states:

> The judge *may* appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty . . . *only if* the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a *substantial claim* that the movant received ineffective assistance of counsel in relation to the plea[;] (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; *and* (iv) specific *exceptional circumstances* warrant the appointment of counsel.[45]

18.  As previously discussed, Defendant's Motion does not state a "substantial claim" of ineffective assistance of counsel.  Additionally, the Court is unaware of any "special circumstances" suggesting appointment of counsel is warranted.  Finally, the appointment of counsel is discretionary under Rule 61(e)(2) and this Court exercises its discretion in denying Defendant's Motion for Appointment of Counsel.

For the foregoing reasons, Defendant's Motion for Postconviction Relief is **DENIED**.  Specifically, the first and second claims in his Motion are procedurally barred pursuant to Rule 61(i)(3) and (4).  The fourth claim is barred under Rule

---

[44] Rule 61(e) was amended on March 23, 2017, effective April 6, 2017.  Defendant's Motion for Appointment of Counsel was filed on February 21, 2017.  Therefore, the Court uses the version of Rule 61(e) in effect at the time of the filing of his motion.

[45] Rule 61(e)(2) (emphasis added).

61(i)(4). The third claim—ineffective assistance of counsel—is summarily dismissed under Rule 61(d)(5) because it "plainly appears from the motion . . . and the record . . . that the movant is not entitled to relief. . . ."[46] Finally, his Motion for Appointment of Counsel to assist in his Motion for Postconviction Relief is **DENIED** under Rule 61(e)(2).

       **IT IS SO ORDERED.**

Vivian L. Medinilla
Judge

oc:   Prothonotary
cc:   Defendant
       Matthew C. Buckworth, Esquire
       Department of Justice
       Investigative Services Office

---

[46] Rule 61(d)(5).